1
2
3
4
5
6
7
8
9

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

LISA ALLEN,                                              No. C 10-1556 WHA (PR)

11
                                  Petitioner,            **ORDER OF DISMISSAL**

12
         vs.

13
PAUL COPENHAVER, Warden,

14
                                  Respondent.
                                                    /
15

16                              **INTRODUCTION**

17        Petitioner, a federal prisoner incarcerated in Dublin, California, has filed a pro se

18  petition for a writ of habeas corpus under 28 U.S.C. 2241 challenging the execution of her

19  federal sentence.

20                               **STATEMENT**

21        In 2009, petitioner was found guilty in the United States District Court for the Central

22  District of California of mail fraud and other related counts, and was sentenced to a term of 51

23  months in federal prison (Pet. 2).  Petitioner's projected release date is August 31, 2012.

24                                **ANALYSIS**

25        Petitioner claims that the Bureau of Prisons ("BOP") is unlawfully refusing to exercise

26  its discretion to consider her individually for pre-release placement at a Community Corrections

27  Center ("CCC") and home confinement.  She further claims that the BOP is denying her equal

28  protection under the law because male inmates are bing categorically granted six months in the

    CCC while female prisoners, like herself, are being categorically denied consideration for the

1   full twelve months.

2       Section 2241 does not specifically require petitioners to exhaust available remedies

3   before filing petitions for a writ of habeas corpus.  *Castro-Cortez v. INS*, 239 F.3d 1037, 1047

4   (9th Cir. 2001).  Nonetheless, the Ninth Circuit requires "as a prudential matter, that habeas

5   petitioners exhaust available judicial and administrative remedies before seeking relief under §

6   2241."  *Ibid.* (citations omitted).  The requirement may be waived in limited circumstances

7   because it is not a jurisdictional prerequisite.  *Ibid.*; *see e.g.*, *Kaing v. Ashcroft*, 370 F.3d 994,

8   1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be

9   appropriate).

10      Petitioner states in the petition that she is "in the process of exhausting her

11  administrative remedies through the BOP's administrative appeals process, even though she has

12  been notified by staff that she will be categorically denied, rendering the process futile" (Pet. 3).

13  She further asserts that the Deputy Director will not conduct an impartial review of the

14  Warden's denial of petitioner's administrative grievance because the Deputy Director is married

15  to the Warden.  Petitioner's allegations that exhaustion would be futile are conclusory and

16  insufficient to excuse her failure to exhaust administrative remedies prior to filing suit.

**CONCLUSION**

18      For the foregoing reasons, the petition for a writ of habeas corpus under Section 2241 is

19  **DISMISSED** without prejudice to petitioner filing a new petition after exhausting the BOP's

20  administrative appeals process.

21      The clerk shall close the file.

22      **IT IS SO ORDERED.**

24  Dated: April ___29___, 2010.

25  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\ALLEN1556.DSM.wpd.